UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

United States of America,

    Plaintiff/Respondent,

v.                                        **MEMORANDUM OF LAW AND ORDER**
                                           Criminal File No. 07-167 (01) (MJD)

Gene Allen Schleper,

    Defendant/Petitioner.

---

Kevin S. Ueland, Assistant U.S. Attorney, Counsel for Respondent.

Gene Allen Schleper, *pro se*.

---

**I.    Introduction**

This matter is before the Court on Petitioner's motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. Nos. 36, 51 and 52].

**II.    Background**

The Petitioner was charged in the Indictment with four counts: Count 1, Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a)(3), 921(a)(4) and 924(e); Count 2, Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5845, 5861 and 5871; Count 3, Illegal Manufacture of a Firearm in

1

violation of 26 U.S.C. §§ 5822, 5845, 5861(f) and 5871; and Count 4, Possession of a Firearm with No Serial Number in violation of 26 U.S.C. §§ 5845, 5861(i) and 5871.

On January 31, 2008, he entered into a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C) and pled guilty to Count 1 of the Indictment. As part of the Plea Agreement, the Petitioner admitted that had three prior convictions for a violent felony or serious drug offense and that he knowingly possessed a pipe bomb. The Petitioner agreed that his criminal history category was VI, and that he qualified as a career offender under the Sentencing Guidelines. The Petitioner further agreed that based on a total offense level 34, the applicable guideline range was 262 to 327 months imprisonment. The parties also agreed to provide the Court a sentence recommendation of 180 months and that if the Court sentenced him at or below 180 months, he waived his right to appeal or to contest, directly or collaterally, the sentence on any ground.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that at least three of the Petitioner's prior convictions were either a violent felony or serious drug offense: Second Degree Possession of

2

Methamphetamine with Intent to Sell, Burglary and Second Degree Assault. The total offense level was calculated to be 34, and with a criminal history category of VI, the resulting guideline range was 262 to 327 months. In addition, the PSR noted the crime of conviction subjected the Petitioner to a fifteen year mandatory minimum term of imprisonment.

On May 8, 2008, consistent with the parties' Rule 11 (c)(1)(C) Agreement, the Court sentenced the Petitioner to 180 months imprisonment.

On January 27, 2016, the Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence.

### III. Habeas Petition

**A.    Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if…the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### B. Petitioner's Stated Grounds for Relief

The Petitioner claims he is entitled to relief because he no longer qualifies as an Armed Career Criminal based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which found the residual clause of the statutory definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Petitioner argues that his prior conviction for Second Degree Assault can no longer be considered a predicate offense for purposes of the ACCA because under Minnesota law, one can be guilty of assault even though no harm resulted.

Petitioner also seeks to supplement his petition based on the decision in Mathis v. United States, 136 S.Ct. 2243 (2016), which held that a prior conviction

4

for burglary will not qualify as the generic form of burglary if an element of the crime of conviction is broader than an element of the generic offense. As applied here, one of the Petitioner's predicate offenses was for burglary in violation of Minn. Stat. § 609.582, subdiv. 2A.

### C. Merits Determination

As noted above, the PSR determined that Petitioner was an Armed Career Criminal under the ACCA, and a Career Offender under the Sentencing Guidelines. The government concedes that Petitioner's prior burglary conviction no longer qualifies as a violent felony under the ACCA based on the Eighth Circuit decision in United States v. McArthur, 850 F.3d 925 (8th Cir. 2017). As a result, he no longer qualifies as an Armed Career Criminal under the ACCA and the statutory maximum sentence for the crime of conviction is ten years. 18 U.S.C. § 924(a)(2). The government thus agrees that Petitioner should be resentenced.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Gene Allen Schleper's Section 2255 Motions to Vacate and Correct Sentence [Docket Nos. 36, 51 and 52] are **GRANTED**.

2. Judgment in the criminal case is **VACATED**, and Gene Allen Schleper shall be resentenced as soon as reasonably practicable.

3. Gene Allen Schleper shall remain in custody pending the resentencing hearing. The Government shall issue a writ for his appearance at resentencing.

4. The U.S. Probation Office shall prepare a supplemental Presentence Investigation Report in advance of the resentencing hearing.

Dated: June 13, 2017         s/ Michael J. Davis
                             Michael J. Davis
                             United States District Court